UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald E. Robinson, | ) C/A No. 3:13-352-CMC-TER |
| | ) |
| Plaintiff; | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Jeanette McBride, Clerk of Court, Richland County, in her individual and official capacities; The City of Columbia; The County of Richland, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Donald E. Robinson ("Plaintiff"), a state prisoner in the Kershaw Correctional Institution of the South Carolina Department of Corrections in Kershaw, South Carolina, brings this civil action against Defendants, seeking monetary damages and injunctive relief. Plaintiff is proceeding *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned United States Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff files this action pursuant to 42 U.S.C. § 1983 alleging "violations of the First and Fourteenth Amendments/denial of access to the courts."[1] Plaintiff alleges that, on March 16, 2012,

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

he filed a post-conviction relief ("PCR") application (C/A No. 2012-CP-40-2064) in the Richland County Circuit Court.[2] Plaintiff alleges that the respondent filed a return/motion to dismiss on March 21, 2012. Plaintiff alleges that "he was legally entitled under South Carolina law to the appointment of legal counsel," but "no attorney was appointed to represent the plaintiff in his PCR action," and "the plaintiff's PCR case was not handled the same way that other PCR cases are normally handled." Complaint, ECF No. 1, p. 3. Plaintiff alleges that Judge Barber issued a conditional order of dismissal on March 28, 2012, which was filed in the Clerk's Office on March 29, 2012, and that Plaintiff filed a *pro se* response to the conditional order of dismissal on April 24, 2012. Plaintiff alleges that a final order of dismissal was issued on July 13, 2012 and filed in the Clerk's Office on July 18, 2012, after which Plaintiff filed a timely notice of intent to appeal, dated July 29, 2012. Plaintiff alleges that he received a time-stamped copy of his notice of intent to appeal dated August 1, 2012 from the Clerk's Office on August 3, 2012. Plaintiff alleges that "after the Plaintiff received his time-stamped copy of the notice of intent to appeal in the mail in August he never heard anything else concerning his appeal from the Clerk of Court's Office," and "as of the date of the filing of this complaint the Office of Appellate Defense has not appointed an attorney to

---

[2] The undersigned takes judicial notice of the on-line records of the Richland County Fifth Judicial Circuit Public Index in Plaintiff's PCR case, C/A No. 2012-CP-40-2064, filed in the Richland County Court of Common Pleas, and of Plaintiff's two previous PCR cases filed in the same court, C/A Nos. 2006-CP-40-6122 and 2000-CP-40-4628, as well as Plaintiff's two previous federal habeas corpus cases filed in this District Court, in C/A Nos. 01-2607 and 04-945. *See* http://www4.rcgov.us/PublicIndex/PICaseDetails.aspx?County=40+&Casenum=2012CP400206 4&CourtType=G&CaseType=Civil&CourtAgency=40002&LastName=Robinson&FirstName=D onaldUnited (last visited Mar. 28, 2013); *States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

handle the plaintiff's case on appeal." Complaint, ECF No. 1, p. 4. Plaintiff alleges that, in October 2012, his wife called the Clerk's Office, the Attorney General's Office, the South Carolina Supreme Court, and the Office of Appellate Defense during the week of October 10, 2012 and "was given the run-around," and was told by the Supreme Court and Appellate Defense that they had no record of an appeal of Plaintiff's PCR case. Complaint, ECF No. 1, p. 4-5. Plaintiff alleges that he then realized that "the Clerk of Court never properly processed his notice of intent to appeal." Complaint, ECF No. 1, p. 6. Plaintiff alleges that Defendant McBride was legally required to properly process Plaintiff's notice of appeal and failed to do so, including failing to notify the Office of Appellate Defense that Plaintiff filed an appeal, as McBride was required to do by law. Plaintiff alleges that, on October 16, 2012, he sent a notarized letter to the Clerk of Court's Office requesting the status of his appeal, to which he never received a response. Plaintiff alleges that, during the week of October 16, 2012 and during the month of November, his wife again called the Supreme Court, the Clerk's Office, the Attorney General's Office, and the Office of Appellate Defense and was again given the run-around. Plaintiff alleges that, on November 19, 2012, he filed a complaint with the South Carolina Supreme Court's Administrative Office concerning the Clerk of Court's failure to file his notice of intent to appeal. Plaintiff alleges that, on December 10, 2012, he received a copy of a December 6, 2012 letter from the Court Service Section of the Court Administrative Office to the Richland County Clerk of Court, but Plaintiff has heard nothing more concerning his PCR appeal. Complaint, ECF No. 1, p. 7-9.

Plaintiff alleges that "as a result of Defendant McBride['s] failure to properly process the Plaintiff's notice of intent to appeal as required by law[,] Defendant McBride caused Plaintiff to be unconstitutionally denied and deprived of the right to appeal the lower court's July 18, 2012 ruling

3

in his PCR case" and denied and deprived Plaintiff's "right to have access to the courts," and "right to petition the court for a redress of grievances," "right to due process of law," and "right to equal protection of the laws." Complaint, ECF No. 1, p. 11. Plaintiff alleges that he was singled out for different treatment and these actions by Defendant McBride, while acting under color of state law, violated South Carolina law and the First and Fourteenth Amendments to the Constitution of the United States. Complaint, ECF No. 1, p. 12. Plaintiff alleges that "as an employee of Richland County and the City of Columbia Richland County and the City of Columbia are ultimately responsible for Defendant McBride's official conduct and official actions when she is acting under color of state law and preforming her official duties in her official capacity as the Clerk of Richland County Court." Complaint, ECF No. 1, p. 13. Plaintiff seeks "a preliminary injunction issued instructing the Richland County Clerk of Court to process his August 1, 2012 notice of intent to appeal as is required by law," "five million dollars from each of the named defendants and their liability insurance providers in punitive damages," and "five million dollars from each of the named defendants and their liability insurance providers in compensatory damages." Complaint, ECF No. 1, p. 14.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of this *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A[3]; 42 U.S.C. § 1997e (the Prison Litigation Reform Act of 1996 ("PLRA")); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S.

---

[3] Title 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

As Plaintiff is a *pro se* litigant, this Court is required to liberally construe his pleadings, holding them to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)*; Estelle v. Gamble*, 429 U.S. 97 (1976). Even under this less stringent standard, however, a *pro se* complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Plaintiff's Complaint, insofar as it alleges a claim for violation of Plaintiff's constitutional rights under § 1983 against Defendant Jeanette McBride, Clerk of Court for Richland County, should be dismissed based on Defendant McBride's absolute quasi-judicial immunity. The doctrine of absolute quasi-judicial immunity protects Defendant McBride from the kind of claims asserted in this case. The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel such as Defendant McBride because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)); *see Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980) (collecting cases on immunity of court support personnel); *Cook v. Smith*, 812 F. Supp. 561, 562 (E.D. Pa. 1993); *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981). In *Mourat v. Common Pleas Court of Lehigh County*, the district court, in a bench ruling, rejected claims similar to those raised by the *pro se* Plaintiff in the case *sub judice*:

> In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune." We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)[, cert. denied, 396 U.S. 941, 90 S. Ct. 378, 24 L. Ed. 2d 244 (1969)]. If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. *See Zimmerman v. Spears*, 428 F. Supp. 759, 762 (W.D.Tex.), aff'd, 565 F.2d 310 (5th Cir. 1977).

515 F. Supp. at 1076; *see also Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir. 1969) ("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the

6

discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, supra.").

In her capacity as Clerk of Court for Richland County, Defendant McBride was responsible for filing and processing pleadings and orders in Plaintiff's PCR case. The alleged constitutional violations committed by Defendant McBride involve Defendant McBride's performance of her official tasks. As a result, Plaintiff cannot recover monetary damages or obtain other relief from Defendant McBride. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").[4]

Plaintiff's Complaint, insofar as it attempts to assert a § 1983 claim against Defendant The City of Columbia and Defendant The County of Richland, should be summarily dismissed, because Plaintiff fails to state a claim on which relief may be granted by this Court. The City of Columbia and The County of Richland cannot be held responsible for actions taken by the Court of Common Pleas of the Fifth Judicial Circuit and/or Defendant Jeanette McBride, the Clerk of Court for Richland County. It can be judicially noticed that, in South Carolina, a county's or municipality's

---

[4] Furthermore, to the extent that Plaintiff's Complaint seeks injunctive relief, rather than compensatory, equitable, or declaratory relief, such claim is barred by § 1983, which states in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.*

42 U.S.C. § 1983 (emphasis added).

authority over courts within its boundaries was abolished when Article V of the Constitution of the State of South Carolina was ratified in 1973. *See* Act No. 58, 1973 S.C. Acts 161; Article V, Section 1 of the Constitution of the State of South Carolina; and *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 265 S.C. 114, 217 S.E.2d 23, 24 (1975). Under the current version of Article V, Section 1, the Supreme Court of South Carolina retains the sole authority to supervise the state's magistrate's courts, municipal courts, and circuit courts. *See Spartanburg Cty. Dep't. of Soc. Servs. v. Padgett*, 296 S.C. 79, 370 S.E.2d 872, 875-876 & n. 1 (1988). By virtue of Article V, the City of Columbia and the County of Richland do not exercise administrative or supervisory authority over municipal courts, magistrates' courts, probate courts, family courts, or circuit courts of the State of South Carolina located within their geographical boundaries. The Richland County Fifth Judicial Circuit Court, *i.e.* the Court of Common Pleas and the Court of General Sessions for Richland County, is part of the State of South Carolina's unified judicial system. *See* S.C. Const. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (1989). Section 4 of the Judicial Article designates the Chief Justice of this Court as the administrative head of the unified judicial system and directs that this Court make rules governing the administration of all courts in this state. Consequently, Defendant The City of Columbia and Defendant The County of Richland should be dismissed from this civil rights action because they were not responsible for the supervision of Defendant Jeanette McBride, Clerk of Court for Richland County, or for the administration of the Fifth Judicial Circuit's Richland County Court of Common Pleas, during the relevant times at issue in this case when Plaintiff's constitutional rights were allegedly violated.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's Complaint be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

                                                    s/Thomas E. Rogers, III  
April 11, 2013                                    Thomas E. Rogers, III  
Florence, South Carolina                 United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).