IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Donald E. Robinson, | ) | C/A NO.  4:13-352-CMC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Jeannette McBride, Clerk of Court, Richland | ) | |
| County, in her individual and official | ) | |
| capacities; The City of Columbia; The | ) | |
| County of Richland, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to

42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this

matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial

proceedings and a Report and Recommendation ("Report"). On April 12, 2013, the Magistrate Judge

issued a Report recommending that the complaint be dismissed without prejudice and without

issuance and service of process. The Magistrate Judge advised Plaintiff of the procedures and

requirements for filing objections to the Report and the serious consequences if he failed to do so.

Plaintiff filed objections to the Report on May 3, 2013.[1]

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight, and the responsibility to make a final determination remains with the court.

---

[1]According to the stamp affixed to the envelope by prison mailroom personnel, Plaintiff gave
his objections to mailroom authorities on April 29, 2013. Accordingly, the objections were timely
filed. *See Houston v. Lack*, 487 U.S. 266 (1988).

1

*See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to Plaintiff's objections to the Report, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge.  Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff's objections contend that the Report "attempts to shield the Clerk of Court, Defendant Jeanette W. McBride, from the legal consequences of her actions by extending some kind of hybrid 'absolute' [ ] 'quasi-[j]udicial immunity,' to her."  Obj. at 3.  However, as noted by the Report, Defendant McBride, in the execution of her official duties as Clerk of Court, is indeed covered by such immunity.[2]  Moreover, Plaintiff's objections regarding the dismissal of Defendants City of Columbia and Richland County are equally meritless.

Accordingly, this matter is dismissed without prejudice and without issuance and service of process on Defendants.

---

[2]Plaintiff's complaint hinges on his allegation that McBride "violated the Plaintiff's constitutional rights and failed to properly process the Plaintiff's July 29, 2012 Notice of Intent to Appeal."  Obj. at 5 (ECF No. 21).  The South Carolina Rules of Appellate Procedure provide that "[i]n the same manner and under the same time limitations as provided for appeals from the Court of Common Pleas in Rules 203 and 207, the petitioner shall serve and file a notice of appeal . . . ."  SCRAP 243(b).  South Carolina Rule of Appellate Procedure 203 provides that an appellant must "serve and file a notice of appeal . . .[and the appeal] shall be filed with the clerk of the lower court *and with the Clerk of the Supreme Court*."  SCRAP 203(a), (d)(1)(A) (emphasis added).  The Rules contain no provision that the clerk of the lower court is responsible for transmission of the Appeal to (in this case) the South Carolina Court of Appeals; rather, it is the appellant's responsibility to do so.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 14, 2013